## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| GABRIEL MIRANDA JR., DECEASED, § <br> MARIA FUNETES, GABRIEL § <br> MIRANDA, SR., ALEXANDRIA § <br> SUZANNE MELENDEZ, RUEBEN § <br> ANTONIO DELEON III, AND JON § <br> HIDALGO DOE, § <br>     Plaintiffs § <br> § <br> vs. § <br> § <br> HARLINGEN CONSOLIDATED § <br> INDEPENDENT SCHOOL DISTRICT, § <br>     Defendant. § <br> § | | CIVIL ACTION NO.: 7:21-cv-00337 <br><br><br><br><br><br><br><br> JURY DEMAND |

### DEFENDANT HARLINGEN CONSOLIDATED INDEPENDENT SCHOOL DISTRICT'S 12(b)(1), OR IN THE ALTERNATIVE, 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Harlingen Consolidated Independent School District ("HCISD") and files this 12(b)(1), or in the alternative, 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint ("Complaint"). HCISD asks that the Court dismiss Plaintiffs' claims against it in their entirety due to lack of subject-matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted and show the Court the following:

### I.    STATEMENT OF THE CASE

1. The Court recently provided a comprehensive statement of the procedural history of this and Plaintiffs' related lawsuits. *See* Dkt. No. 17, pp. 1-2.

### II.    MOTION TO DISMISS STANDARD

2. A party may seek dismissal of an action for lack of subject matter jurisdiction under FRCP 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction alleges that the court lacks the

authority to hear the dispute. *See* Fed. R. Civ. P. 12(b)(1). When a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is filed, the party seeking to litigate in federal court bears the burden of establishing jurisdiction. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136 (1992); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Federal courts are courts of limited jurisdiction and must, at all times, have "statutory or constitutional power to adjudicate the case." *Clean COALition v. TXU Power,* 536 F.3d 469, 470 (5th Cir. 2008).

3.    Dismissal is appropriate under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in concert with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ashcroft v. Iqbal,* 556 U.S. 662, 677–68 (2009). In order to survive the motion to dismiss, plaintiffs must provide the grounds of entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). Indeed, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its 'judicial experience and common sense,' to reasonably infer that the defendant is liable for the misconduct alleged." *Aleman v. Edcouch Elsa Indep. Sch. Dist.,* 982 F. Supp. 2d 729, 732 (S.D. Tex. 2013) (citing *Iqbal,* 556 U.S. at 678, *Twombly,* 550 U.S. at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Petition has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Thus, although all

reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead 'specific facts, not mere conclusory allegations.'" *Tipps v. McCraw*, 945 F. Supp. 2d 761, 765 (W.D. Tex. 2013) (citing *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994)); *see also Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir.2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.")

### III.  SUMMARY OF THE ARGUMENT

4. The non-parent Plaintiffs do not have capacity to bring suit.

5. Plaintiffs have failed to plead jurisdictional facts demonstrating both the elements of their tort claim and waiver of HCISD's governmental immunity under the Texas Tort Claims Act.

6. As this Court has previously held, Plaintiffs lack standing to bring their Title VI claim because it is entirely premised upon civil rights violations allegedly occurring post-death, and the Fifth Circuit has determined that after death one no longer has statutory or constitutional rights of which he may be deprived. In the alternative, Plaintiffs have failed to state a claim under for intentional discrimination under Title VI.

### IV. ARGUMENTS AND AUTHORITY

#### A.  THE NON-PARENT PLAINTIFFS LACK CAPACITY TO BRING SUIT.

7. Pursuant to the federal rules, the capacity of a party to sue or be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b). Under Texas law, an estate is not a legal entity and therefore cannot sue or be sued; suit must be brought by its personal representative. *Embrey v. Royal Ins. Co. of Am.,* 22 S.W.3d 414, 415 n.2 (Tex. 2000)(citing *Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex.1987)); *see* also *Petri v. Kestrel Oil & Gas Properties, L.P.,* CIV.A. H-09-3994, 2013 WL 265973, at *5 (S.D. Tex. Jan. 17, 2013)(finding that a decedent's estate "is not a legal entity and may not properly sue or be sued as such.")(citing

*Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex.1975). The individual purporting to act as a personal representative must also take steps to become qualified by a Texas court to be deemed a "personal representative" with the capacity to bring suit on behalf of the decedent. TEX. EST. CODE § 305.001, *et seq.*

8. As this Court previously determined, in companion case 7:18-cv-00348, Plaintiffs "identifie[d] Maria Fuentes and Gabriel Miranda, Sr. as Gabriel's parents and sole heirs" and "sole personal representatives of" the estate of their son. *See Est. of Gabriel Miranda, Jr.,* Civil Action No. 7:18-CV-348, Dkt. No. 60, p. 5. The Court further took judicial notice that these Plaintiffs had "application for letters of dependent co-administration" in Estate of Gabriel Miranda, Jr., Cause No. 2018-CPC-00327, County at Court at Law No. 4, Cameron County, Texas, pending. *Id.* at p. 5-6. This Court stated: "it is settled in Texas that [a court-approved] personal representative of the estate of a decedent is ordinarily the only person entitled to sue for the recovery of property belonging to the estate," and that "[b]efore the heirs at law can maintain such a suit…, they must allege and prove that there is no administration pending and none necessary. *E.g., Frazier v. Wynn,* 472 S.W.2d 750, 752 (Tex. 1971)." *Id.* at p. 5. This Court further determined: "under Texas law, a defect in capacity may be cured, and demonstrably could be in this case were the Court to allow the substitution of the proper parties—Gabriel's parents, as personal representatives of the Estate." *Id.* at pp. 5-6.

9. Now, in Plaintiffs' First Amended Complaint, they again ask the Court to take judicial notice that the parent plaintiffs have been appointed via state court proceedings as co-representatives of the estate of their son, Gabriel Miranda, Jr. *See* Dkt. No. 18, p. 1. Plaintiffs' Amended Complaint is devoid of well-pleaded facts demonstrating that the non-parent Plaintiffs have capacity to bring suit. *See id.* at p. 3. As such, and as previously determined by this Court in

the companion case, the proper parties to bring suit, if any, are "Gabriel's parents, as personal representatives" approved by the state court proceedings.

### B. PLAINTIFFS HAVE FAILED TO PLEAD JURISDICTIONAL FACTS NECESSARY TO THEIR TORT THEORY OF LIABILITY.

12.   As the Court recently identified, Plaintiffs have amended and supplemented their lawsuit multiple times over the four years this suit has been pending. *See* Dkt. No. 17. Despite these several opportunities, in their current pleading, they have failed to plead jurisdictional facts demonstrating that HCISD's immunity from suit has been waived as to their tort claim. *See* Dkt. No. 18. In fact, a plain reading of the First Amended Complaint does not even make clear which, if any, specific tort theories Plaintiffs are pursuing. *See id.* Instead, they allege in conclusory fashion that they are asserting an unidentified cause of action under the Texas Tort Claims Act. *See id.* at p. 14. However, while the TTCA creates limited immunity waivers applicable to various governmental entities, a plaintiff must also plead facts demonstrating the elements of the common law cause of action for which immunity is allegedly waived, i.e. the underlying tort theory of liability. *See* Ch. 101, TEX. CIV. PRAC. REM. CODE; *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg By & Through Lindburg,* 766 S.W.2d 208, 213 (Tex. 1989). Plaintiff's Amended Complaint does not provide such well-pleaded facts necessary to demonstrate waiver of HCISD's immunity from suit.

### C. PLAINTIFFS DO NOT HAVE STANDING TO SEEK REDRESS FOR POST-DEATH CIVIL RIGHTS.

13.   Plaintiffs do not have standing to bring suit for alleged civil rights violations occurring post-death, which explicitly comprise the entirety of Plaintiffs' Title VI claim. *See* Dkt. No. 18, p. 16. To show Article III standing, Plaintiffs must adequately establish: "(1) an injury in fact (*i.e.,* a concrete and particularized invasion of a legally protected interest); (2) causation (*i.e.,* a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant);

and (3) redressability (*i.e.,* it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit). *Sprint Communications Co., L.P. v. APCC Services, Inc.,* 554 U.S. 269, 273–74, 128 S. Ct. 2531, 2535 (2008)(citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561, 112 S. Ct. 2130 (1992) (internal citations and alterations omitted). In order to meet its burden of establishing standing, a plaintiff must allege the nature of its injury resulting from the defendant's conduct. *Lujan,* 504 U.S. at 561.

14. In the case at bar, Plaintiffs make clear that all allegations of alleged Title VI injury arise *after* the death of Miranda, Jr.; there are no allegations that any conspiracy, cover up, or other alleged Title VI misconduct took place before Miranda's death. *See* Dkt. No. 18. The Fifth Circuit has determined in situations such as these that a decedent's civil rights claim may not be premised upon acts occurring after death because "[a]fter death, one is no longer a person within our constitutional and statutory framework, and has no rights of which he may be deprived." *Whitehurst v. Wright,* 592 F.2d 834 (5th Cir. 1979). As this Court previously held, *Whitehurst* is binding Fifth Circuit precedent. *Est. of Gabriel,* Civil Action No. 7:18-cv-00348, Dkt. No. 60, pp. 6-7.

15. "Other decisions have held that actions taken against a person's body after death even though designed to conceal the circumstances surrounding the death do not give rise to constitutional claims on behalf of the deceased." *Webster v. City of Houston,* 735 F.2d 838, 846 n. 18 on reh'g, 739 F.2d 993 (5th Cir. 1984) (citing *Silkwood v. Kerr-McGee,* 637 F.2d 743 (10th Cir.1980) and *Guyton v. Phillips,* 606 F.2d 248 (9th Cir.1979)); *see also Gratz v. Bollinger,* 539 U.S. 244, 247, 123 S. Ct. 2411, 2416, 156 L. Ed. 2d 257 (2003)(Title VI and equal protection clause provide coextensive protection in federally funded programs)(collecting cases). In this case, the First Amended Complaint explicitly asserts that all allegations of harm under Title VI were

organized and carried out *after* Miranda's death. *See* Dkt. No. 18. Pursuant to Fifth Circuit precedent, Plaintiffs cannot premise a constitutional or statutory claim upon events occurring after death as such claims lack a concrete invasion of a legally protected interest, an essential element of standing. This Court thus lacks subject matter jurisdiction and Plaintiffs' Title VI claim should be dismissed accordingly.

### D. PLAINTIFFS FAILED TO STATE A CLAIM UNDER TITLE VI.

16. Title VI provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.A. § 2000d. As shown above, and as previously held by this Court in Plaintiffs' Estate lawsuit, the Title VI claim fails because our constitutional and statutory framework make clear that "a [decedent] has no civil rights." *Estate of Gabriel,* Civil Action No. 7:18-cv-00348, Dkt. No. 60, pp. 6-7. In the alternative, Plaintiffs' Title VI claim fails because they have not alleged well-pleaded facts showing that HCISD engaged in intentional discrimination on the basis of race. Instead, Plaintiffs seek to hold HCISD liable for the County coroner's determination that the cause of death was suicide. *See* Dkt. No. 18. Moreover, Plaintiffs cannot show how the decedent could be "denied participation in, be denied the benefits of, or be subjected to discrimination under any program receiving federal funding" *after* his death, as required to state a Title VI claim.

### V. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, for the reasons shown above, HCISD respectfully moves the Court to grant this 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or in the alternative, 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon

Which Relief Can Be Granted, dismiss Plaintiffs' claims in their entirety, with prejudice, and furthermore grant them any and all relief to which they have shown themselves justly entitled.

    Respectfully Submitted,

By: */s/ Leandra C. Ortiz*
Leandra C. Ortiz
State Bar No.: 24043854
Federal ID No.: 574013
6770 W. Expressway 83, Suite 301
Harlingen, Texas 78552
Telephone: (956) 647-5122
Facsimile: (956) 647-5421
E-mail: lortiz@wabsa.com

**OF COUNSEL:**

**WALSH GALLEGOS TREVIÑO KYLE & ROBINSON P.C.**

**ATTORNEY IN CHARGE FOR DEFENDANT:**

**HARLINGEN CONSOLIDATED INDEPENDENT SCHOOL DISTRICT**

By: */s/ Katie E. Payne*
Katie E. Payne
State Bar No. 24071347
Federal ID No.: 1786856
1020 N.E. Loop 410, Suite 450
San Antonio, Texas 78209
Telephone: (210) 979-6633
Facsimile: (210) 979-7024
E-mail: kpayne@wabsa.com

**OF COUNSEL:**

**WALSH GALLEGOS TREVIÑO KYLE & ROBINSON P.C.**

By: */s/ D. Craig Wood*
D. Craig Wood

State Bar No. 21888700
Federal ID No. 979301
1020 N.E. Loop 410, Suite 450
San Antonio, Texas 78209
Telephone: (210) 979-6633
Facsimile: (210) 979-7024
E-mail: dwood@wabsa.com

**OF COUNSEL:**

**WALSH GALLEGOS TREVIÑO
KYLE & ROBINSON P.C.**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 14th day of February 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF system and has been served on Plaintiffs' counsel of record, pursuant to Federal Rules of Civil Procedure as follows:

**ATTORNEY FOR PLAINTIFF:**

Mr. Martin J. Cirkiel, Esq.
**CIRKIEL & ASSOCIATES, P.C.**
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664

*/s/ Leandra C. Ortiz*
Leandra C. Ortiz
